NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHONGSHENG ZHONG, | No. 16-70126 |
| Petitioner, | Agency No. A200-261-971 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Chongsheng Zhong, a native and citizen of China, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Zhong's demeanor, *see Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (giving special deference to findings based on demeanor), and based on inconsistencies in his testimony as to the number of house churches he attended in China, and when the police last searched for him, *see Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Zhong's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in this case, Zhong's asylum and withholding of removal claims fail. *See Huang*, 744 F.3d at 1156.

Finally, Zhong's CAT claim fails because it is based on the same testimony the agency found not credible, and Zhong does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED**.